UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| KING COUNTY, a Washington municipal corporation, | ) ) |
| Plaintiff, | ) ) |
| v. | ) ) |
| ACE AMERICAN INSURANCE COMPANY, | ) ) ) |
| Defendant. | ) ) ) |

Case No. C18-1886 RSM

**MODEL STIPULATED PROTECTIVE ORDER AND ORDER REGARDING "CLAWBACK" OF INADVERTENTLY PRODUCED DOCUMENTS**

Pursuant to Federal Rule of Civil Procedure 26 and Federal Rule of Evidence 502, and in the interest of efficiency and judicial economy, particularly in the interest of avoiding ancillary litigation over discovery issues related to confidential or proprietary information or the inadvertent production of privileged materials, Plaintiff King County and Defendant ACE American Insurance Company (ACE) hereby stipulate and agree to this order and the procedures set forth herein for designating and protection confidential or proprietary information and for addressing the inadvertent production of Protected Material as herein defined.

## CONFIDENTIALITY

1.    PURPOSES AND LIMITATIONS

Discovery in this action is likely to involve production of confidential, proprietary, or private information for which special protection may be warranted. Accordingly, the parties

MODEL STIPULATED PROTECTIVE ORDER - 1
CASE NO. 2:18-CV-01886 RSM

**LANE POWELL** PC
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WA 98111-9402
206.223.7000 FAX: 206.223.7107

hereby stipulate to and petition the court to enter the following Stipulated Protective Order. The parties acknowledge that this agreement is consistent with LCR 26(c). It does not confer blanket protection on all disclosures or responses to discovery, the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles, and it does not presumptively entitle parties to file confidential information under seal.

2.    "CONFIDENTIAL" MATERIAL

"Confidential" material shall include the following documents and tangible things produced or otherwise exchanged, provided that such documents and tangible things are not already in the public domain at the time of production or delivery through no prior or future unauthorized act of the recipient party:

a) personal identifying information relating to any individual;

b) confidential escrowed bid documents from Walsh Construction Company or other construction companies submitting bids for the South Magnolia CSA Control Project Conveyance Pipeline HDD Option Contract No. C00823C13;

c) confidential proprietary business information received by ACE as part of the underwriting process; and

d) Documents from third parties received pursuant to a subpoena or through a release in connection with this litigation and the items above.

3.    SCOPE

The protections conferred by this agreement cover not only confidential material (as defined above), but also (1) any information copied or extracted from confidential material; (2) all copies, excerpts, summaries, or compilations of confidential material; and (3) any testimony, conversations, or presentations by parties or their counsel that might reveal confidential material. However, the protections conferred by this agreement do not cover information that is in the public domain or becomes part of the public domain through trial or otherwise.

4.    ACCESS TO AND USE OF CONFIDENTIAL MATERIAL

MODEL STIPULATED PROTECTIVE ORDER - 2
CASE NO. 2:18-CV-01886 RSM

LANE POWELL PC
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WA  98111-9402
206.223.7000  FAX: 206.223.7107

123194.0003/7562022.4

4.1    Basic Principles. A receiving party may use confidential material that is disclosed or produced by another party or by a non-party in connection with this case only for prosecuting, defending, or attempting to settle this litigation. Confidential material may be disclosed only to the categories of persons and under the conditions described in this agreement. Confidential material must be stored and maintained by a receiving party at a location and in a secure manner that ensures that access is limited to the persons authorized under this agreement.

4.2    Disclosure of "CONFIDENTIAL" Information or Items. Unless otherwise ordered by the court or permitted in writing by the designating party, a receiving party may disclose any confidential material only to:

(a)    the receiving party's counsel of record in this action, as well as employees of counsel to whom it is reasonably necessary to disclose the information for this litigation;

(b)    the officers, directors, and employees (including in house counsel) of the receiving party to whom disclosure is reasonably necessary for this litigation, unless the parties agree that a particular document or material produced is for Attorney's Eyes Only and is so designated;

(c)    experts and consultants to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(d)    the court, court personnel, and court reporters and their staff;

(e)    copy or imaging services retained by counsel to assist in the duplication of confidential material, provided that counsel for the party retaining the copy or imaging service instructs the service not to disclose any confidential material to third parties and to immediately return all originals and copies of any confidential material;

(f)    during their depositions, witnesses in the action to whom disclosure is reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the designating party or ordered by the court. Pages of transcribed deposition testimony or exhibits to depositions that reveal confidential material must

MODEL STIPULATED PROTECTIVE ORDER - 3
CASE NO. 2:18-CV-01886 RSM

LANE POWELL PC
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WA 98111-9402
206.223.7000 FAX: 206.223.7107

123194.0003/7562022.4

be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this agreement;

(g)     the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information.

4.3     <u>Filing Confidential Material</u>. Before filing confidential material or discussing or referencing such material in court filings, the filing party shall confer with the designating party, in accordance with Local Civil Rule 5(g)(3)(A), to determine whether the designating party will remove the confidential designation, whether the document can be redacted, or whether a motion to seal or stipulation and proposed order is warranted. During the meet and confer process, the designating party must identify the basis for sealing the specific confidential information at issue, and the filing party shall include this basis in its motion to seal, along with any objection to sealing the information at issue. Local Civil Rule 5(g) sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal. A party who seeks to maintain the confidentiality of its information must satisfy the requirements of Local Civil Rule 5(g)(3)(B), even if it is not the party filing the motion to seal. Failure to satisfy this requirement will result in the motion to seal being denied, in accordance with the strong presumption of public access to the Court's files.

5.     <u>DESIGNATING PROTECTED MATERIAL</u>

5.1     <u>Exercise of Restraint and Care in Designating Material for Protection</u>. Each party or non-party that designates information or items for protection under this agreement must take care to limit any such designation to specific material that qualifies under the appropriate standards. The designating party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify, so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this agreement.

Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to

MODEL STIPULATED PROTECTIVE ORDER - 4
CASE NO. 2:18-CV-01886 RSM

**LANE POWELL** PC
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WA 98111-9402
206.223.7000 FAX: 206.223.7107

unnecessarily encumber or delay the case development process or to impose unnecessary expenses and burdens on other parties) expose the designating party to sanctions.

If it comes to a designating party's attention that information or items that it designated for protection do not qualify for protection, the designating party must promptly notify all other parties that it is withdrawing the mistaken designation.

5.2     <u>Manner and Timing of Designations</u>. Except as otherwise provided in this agreement (see, e.g., second paragraph of section 5.2(a) below), or as otherwise stipulated or ordered, disclosure or discovery material that qualifies for protection under this agreement must be clearly so designated before or when the material is disclosed or produced.

(a)     Information in documentary form: (e.g., paper or electronic documents and deposition exhibits, but excluding transcripts of depositions or other pretrial or trial proceedings), the designating party must affix the word "CONFIDENTIAL" to each page that contains confidential material. If only a portion or portions of the material on a page qualifies for protection, the producing party also must clearly identify the protected portion(s) (*e.g.*, by making appropriate markings in the margins).

(b)     Testimony given in deposition or in other pretrial proceedings: the parties and any participating non-parties must identify on the record, during the deposition or other pretrial proceeding, all protected testimony, without prejudice to their right to so designate other testimony after reviewing the transcript. Any party or non-party may, within fifteen days after receiving the transcript of the deposition or other pretrial proceeding, designate portions of the transcript, or exhibits thereto, as confidential. If a party or non-party desires to protect confidential information at trial, the issue should be addressed during the pre-trial conference.

(c)     Other tangible items: the producing party must affix in a prominent place on the exterior of the container or containers in which the information or item is stored the word "CONFIDENTIAL." If only a portion or portions of the information or item warrant protection, the producing party, to the extent practicable, shall identify the protected portion(s).

**LANE POWELL** PC
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WA  98111-9402
206.223.7000  FAX: 206.223.7107

5.3 _Inadvertent Failures to Designate_. If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the designating party's right to secure protection under this agreement for such material. Upon timely correction of a designation, the receiving party must make reasonable efforts to ensure that the material is treated in accordance with the provisions of this agreement.

6. CHALLENGING CONFIDENTIALITY DESIGNATIONS

6.1 _Timing of Challenges_. Any party or non-party may challenge a designation of confidentiality at any time. Unless a prompt challenge to a designating party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

6.2 _Meet and Confer_. The parties must make every attempt to resolve any dispute regarding confidential designations without court involvement. Any motion regarding confidential designations or for a protective order must include a certification, in the motion or in a declaration or affidavit, that the movant has engaged in a good faith meet and confer conference with other affected parties in an effort to resolve the dispute without court action. The certification must list the date, manner, and participants to the conference. A good faith effort to confer requires a face-to-face meeting or a telephone conference.

6.3 _Judicial Intervention_. If the parties cannot resolve a challenge without court intervention, the designating party may file and serve a motion to retain confidentiality under Local Civil Rule 7 (and in compliance with Local Civil Rule 5(g), if applicable). The burden of persuasion in any such motion shall be on the designating party. Frivolous challenges, and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the challenging party to sanctions. All parties shall continue to maintain the material in question as confidential until the court rules on the challenge.

**LANE POWELL** PC
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WA 98111-9402
206.223.7000 FAX: 206.223.7107

123194.0003/7562022.4

7. PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

If a party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this action as "CONFIDENTIAL," that party must:

(a) promptly notify the designating party in writing and include a copy of the subpoena or court order;

(b) promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this agreement. Such notification shall include a copy of this agreement; and

(c) cooperate with respect to all reasonable procedures sought to be pursued by the designating party whose confidential material may be affected.

8. UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a receiving party learns that, by inadvertence or otherwise, it has disclosed confidential material to any person or in any circumstance not authorized under this agreement, the receiving party must immediately (a) notify in writing the designating party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the protected material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this agreement, and (d) request that such person or persons execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

9. INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL

When a producing party gives notice to receiving parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the receiving parties are those set forth below and in Federal Rule of Civil Procedure 26(b)(5)(B). This provision is not intended to modify whatever procedure may be established in an e-discovery

MODEL STIPULATED PROTECTIVE ORDER - 7
CASE NO. 2:18-CV-01886 RSM

LANE POWELL PC
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WA 98111-9402
206.223.7000 FAX: 206.223.7107

123194.0003/7562022.4

order or agreement that provides for production without prior privilege review. The parties agree to the entry of a non-waiver order under Fed. R. Evid. 502(d) as set forth herein.

10. <u>NON TERMINATION AND RETURN OF DOCUMENTS</u>

Within 60 days after the termination of this action, including all appeals, each receiving party must undertake all reasonable efforts to return all confidential material to the producing party, including all copies, extracts and summaries thereof. Alternatively, the parties may agree upon appropriate methods of destruction.

Notwithstanding this provision, counsel are entitled to retain one archival copy of all documents filed with the court, trial, deposition, and hearing transcripts, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain confidential material.

The confidentiality obligations imposed by this agreement shall remain in effect until a designating party agrees otherwise in writing or a court orders otherwise.

## CLAWBACK PROCEDURE
## INADVERTENT PRODUCTION

11. The production of documents by the parties and non-parties that produce documents in this matter (collectively, the "Producing Party") shall be governed by Federal Rule of Civil Procedure 26(b)(5)(B) and Federal Rule of Evidence 502 regarding the inadvertent production of material protected by the attorney-client privilege, the work product doctrine, or any other privilege or protection from disclosure recognized under applicable law ("Privileged Material").

12. The procedure set forth below is intended to reduce the time and expense of an initial review for privilege (including any privilege or protection from disclosure recognized under applicable law) and work product protection by providing the Producing Party or any other party purporting to hold a privilege, with an efficient method for retrieving or "clawing back" inadvertently produced Privileged Material, subject to any resolution of any dispute over the privileged or protected status of the Privileged Material, and for foreclosing any arguments of

MODEL STIPULATED PROTECTIVE ORDER - 8
CASE NO. 2:18-CV-01886 RSM

LANE POWELL PC
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WA 98111-9402
206.223.7000 FAX: 206.223.7107

123194.0003/7562022.4

waiver, subject to the procedures outlined below, for bringing disputed claims to the Court for resolution.

13.     If a Producing Party, or any other party purporting to hold a privilege, has a good faith belief that Privileged Material has been inadvertently produced, it shall promptly notify the receiving parties of its claim of privilege or protection.  In connection with this provision, the parties shall comply with their ethical and legal obligations concerning the actual or apparent inadvertent production of Privileged Material, including their obligation to promptly notify the Producing Party in appropriate circumstances.

14.     Upon receipt of any notice claiming that a document is or includes Privileged Material, all other parties (regardless of whether they agree with the claim of privilege or work-product protection) shall promptly:

(a) use reasonable efforts to destroy or sequester all copies of the inadvertently produced documents or material in their possession, custody, or control, and notify the Producing Party, or any other party purporting to hold a privilege, that they have done so;

(b) notify the Producing Party that they have taken reasonable steps to retrieve and destroy or sequester the inadvertently produced documents or material from other persons, if any, to whom such documents or material have been provided, consistent with Rule 26(b)(5)(B).

15.     To the extent a receiving party disputes the claim of privilege or work-product protection (the "Disputing Party"), the Disputing Party shall notify the Producing Party, or any other party purporting to hold a privilege, of its position (the "Dispute Notification").  Within seven (7) days of receiving the Dispute Notification, the Producing Party, or any other party purporting to hold a privilege, shall either withdraw its claim of privilege or confer with the Disputing Party in an effort to resolve their disagreement.  If the disagreement is not resolved, the Producing Party, or any other party purporting to hold a privilege, and the Disputing Party shall cooperate in presenting the dispute to the Court through the expedited procedure set forth in Local Rule 37(a)(1)(B).  The Producing Party, or other party purporting to hold a privilege,

MODEL STIPULATED PROTECTIVE ORDER - 9
CASE NO. 2:18-CV-01886 RSM

**LANE POWELL** PC
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WA  98111-9402
206.223.7000  FAX: 206.223.7107

123194.0003/7562022.4

shall provide the Disputing Party with its draft of the joint statement contemplated by Local Rule 37(a)(1)(B)(i) within seven (7) days of the conclusion of the parties' conference, unless otherwise specifically agreed to by the parties in writing. In arguing issues concerning an asserted protection for Privileged Material, no party shall claim a waiver by reason of the inadvertent production in this action.

16. Pursuant to Fed. R. Evid. 502(d), the inadvertent production of Privileged Material in this proceeding shall not constitute a waiver of any applicable privilege, protection, or prohibition from disclosure of that Privileged Material in any other federal or state proceeding.

17. If, during a deposition, a party claims that a document being used in the deposition (e.g., marked as an exhibit, shown to the witness, or made the subject of examination) is subject to privilege or work-product protection, it may at its sole election (a) allow the document to be used in the deposition without waiver of its claim of privilege or work-product protection or (b) consistent with Fed. R. Civ. P. 30(c)(2), instruct the witness not to answer questions concerning the document pending a prompt resolution of any disagreement concerning the document's privileged or work-product protected status. If the party allows the examination concerning the document to proceed on a non-waiver basis, the parties shall sequester all copies of the purportedly-privileged or work-product protected document. Immediately following the deposition, the parties will commence the procedure outlined in paragraph 16 above to address the claim of privilege or other protection. Until the dispute is resolved, all parties shall treat the transcript of such deposition as "Confidential." If the party instructs the witness not to answer questions concerning the document, the parties will then cooperate in promptly submitting the issue of the document's status to the Court for expedited resolution using the procedures set forth in Local Rule 37(a)(1)(B). A party that halts a deposition on the basis of privilege that the Court deems not to exist may bear the cost of completing the deposition.

18. This Order is without prejudice to the right of any party or non-party to seek relief from the Court from any of the provisions contained here.

**LANE POWELL PC**
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WA 98111-9402
206.223.7000 FAX: 206.223.7107

1    19.    This Order shall not be construed as waiving any right to assert: a claim of

2    privilege; waivers of privilege for documents not produced under the procedure set forth above;

3    or waivers of privilege that occurred prior to documents exchanged under the procedures set forth

4    above; or for relevance, overbreadth, burdensomeness, or other grounds for not producing

5    material called for, and access to all material shall be only as provided by the discovery rules and

6    other applicable law.

7        IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

8

9    DATED: February 28, 2019        LANE POWELL PC

10

11                        By: /s/ Mark G. Beard

12                        Mark G. Beard
                         1420 Fifth Avenue, Suite 4200
13                        P.O. Box 91302
                         Seattle, WA  98111-9402
14                        Telephone: 206.223.7000
                         Facsimile: 206.223.7107
15                        Email: beardm@lanepowell.com

16                        Attorneys for Plaintiff King County

17
     DATED: February 28, 2019        KING COUNTY PROSECUTING ATTORNEYS
18                                   OFFICE

19

20                        By: /s/ Mary Devuono Englund

21                        Mary DeVuono Englund, WSBA No. 17122
                         Senior Deputy Prosecuting Attorney
22                        500 Fourth Avenue, Suite 900
                         Seattle WA  98104
23                        Telephone: 206-477-9521
                         Email: marydevuono.englund@kingcounty.gov

24                        Attorneys for Plaintiff King County

25

26

27

MODEL STIPULATED PROTECTIVE ORDER - 11
CASE NO. 2:18-CV-01886 RSM

123194.0003/7562022.4

DATED: February 28, 2019

COZEN O'CONNOR

/s/ William F. Knowles

William F. Knowles, WSBA No. 17212
999 Third Avenue, Suite 1900
Seattle, WA 98104
Email: wknowles@cozen.com
Telephone: 206-340-1000
Facsimile: 206-621-8783

Attorneys for Defendant ACE American Insurance Co.

PURSUANT TO STIPULATION, IT IS SO ORDERED

IT IS FURTHER ORDERED that pursuant to Fed. R. Evid. 502(d), the production of any documents in this proceeding shall not, for the purposes of this proceeding or any other federal or state proceeding, constitute a waiver by the producing party of any privilege applicable to those documents, including the attorney-client privilege, attorney work-product protection, or any other privilege or protection recognized by law.

DATED this 1st day of March 2019.

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE

MODEL STIPULATED PROTECTIVE ORDER - 12
CASE NO. 2:18-CV-01886 RSM

**LANE POWELL** pc
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WA 98111-9402
206.223.7000 FAX: 206.223.7107

1    <u>EXHIBIT A</u>

2    <u>ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND</u>

3    I, _____ [print or type full name], of _____

4    _____ [print or type full address], declare under penalty of perjury that I have

5    read in its entirety and understand the Stipulated Protective Order that was issued by the United

6    States District Court for the Western District of Washington on [date] in the case of King County

7    v. ACE American Insurance Company, Case No. 2:18-cv-01886 RSM.  I agree to comply with

8    and to be bound by all the terms of this Stipulated Protective Order and I understand and

9    acknowledge that failure to so comply could expose me to sanctions and punishment in the nature

10   of contempt.  I solemnly promise that I will not disclose in any manner any information or item

11   that is subject to this Stipulated Protective Order to any person or entity except in strict

12   compliance with the provisions of this Order.

13   I further agree to submit to the jurisdiction of the United States District Court for the

14   Western District of Washington for the purpose of enforcing the terms of this Stipulated

15   Protective Order, even if such enforcement proceedings occur after termination of this action.

16

17   Date: _____

18   City and State where sworn and signed: _____

19   Printed name: _____

20   Signature: _____

**LANE POWELL** PC
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WA  98111-9402
206.223.7000  FAX: 206.223.7107