UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| KING COUNTY,<br><br>Plaintiff,<br><br>v.<br><br>ACE AMERICAN INSURANCE COMPANY,<br><br>Defendant. | CASE NO. C18-1886RSM<br><br>ORDER DENYING DEFENDANT ACE AMERICAN INSURANCE COMPANY'S MOTION TO CONTINUE TRIAL DATE AND DEADLINES |

## I. INTRODUCTION

This matter is before the Court on Defendant Ace American Insurance Company's Motion to Continue Trial Date and Deadlines. Dkt. #22. Defendant requests that the Court continue the trial date by at least five months due to the volume of discovery in this matter. Plaintiff King County opposes the request and expresses its desire for the case to continue as originally scheduled. Finding that Defendant's requested continuance is not justified by good cause, the Court denies the motion.

## II. BACKGROUND

This matter is an insurance coverage dispute related to a failed conveyance pipe integrated into Plaintiff's wastewater storage facility. Dkt. #1. The pipe failed after construction and the Plaintiff incurred over $20,000,000 of costs to investigate and remediate the damage. Plaintiff

ORDER – 1

seeks coverage for the damage from Defendant and asserts various claims related to Defendant's handling and denial of the claim. The dispute centers on whether the occurrence of damage happened within the policy period. While the legal issues are not overly complex, the factual underpinning is.

The parties submitted a Joint Status Report and Discovery Plan to the Court on February 20, 2019. Dkt. #8. The parties represented that they would "conduct discovery according to the Federal Rules and Local Civil Rules of the Western District of Washington, but phased as outlined" in their plan. *Id.* at ¶ 4.B. In general, the parties anticipated conducting informal discovery before mediating and proceeding to more formal discovery. *See id.* As a part of that plan, the parties agreed that Plaintiff would provide an index of construction files and that "Defendant will identify those folders that contain documents it requests to be produced and such documents shall be included in [Plaintiff's] supplemental initial disclosures." *Id.* at ¶ 4.B.a.iv. The parties agreed that such documents would be produced "on a rolling production basis." *Id.* Overall, the parties conveyed to the Court that they had thought through the anticipated discovery and would not need further intervention from the Court. *Id.* at ¶ 5.D. The parties represented that the matter would be ready for a 14-16-day trial by April 1, 2020. *Id.* at ¶¶ 10, 12.

Based upon the parties' joint status report, the Court set a trial date of April 6, 2020 and set related case deadlines. Dkt. #9. Relevant here, the Court ordered that expert witness testimony be disclosed by October 9, 2019, that discovery-related motions be noted no later than November 8, 2019, and that discovery be completed by December 9, 2019. *Id.* at 1. Defendant now seeks to continue the trial date and all related deadlines for no less than one hundred fifty (150) days. Dkt. #22. Plaintiff opposes any continuance. Dkt. #27.

## III. DISCUSSION

Federal Rule of Civil Procedure 16 permits modifications to case schedules "only for good cause and with the judge's consent." FED. R. CIV. P. 16(b)(4); LCR 16(b)(5). District courts have "broad discretion" when deciding whether to deny or grant a trial continuance. *United States v. Kloehn*, 620 F.3d 1122, 1126 (9th Cir. 2010) (quoting *United States v. Flynt*, 756 F.2d 1352, 1358 (9th Cir. 1985)). The court considers four factors when determining whether a continuance is appropriate: "(1) the requester's diligence in preparing for trial; (2) the likely utility of the continuance, if granted; (3) the inconvenience to the court and the other side; and (4) prejudice from the denial." *United States v. Pope*, 841 F.2d 954, 956 (9th Cir. 1988) (discussing the *Flynt* factors). Although the weight given to any one factor depends on the specific case, a party must at least "show prejudice resulting from the court's denial" to succeed. *Armant v. Marquez*, 772 F.2d 552, 556–57 (9th Cir. 1985).

The parties' briefing centers primarily on diligence, with each side heaping blame on the other. Defendant maintains that Plaintiff has delayed in producing documents and has suddenly produced such voluminous records that Defendant's experts cannot adequately prepare their reports within the existing deadlines. Dkt. #22. Plaintiff maintains that it is Defendant that has delayed in all aspects of this dispute, that Plaintiff has sought to assure that discovery proceeds in an orderly and timely manner, and that Defendant has remained disengaged in the discovery process until now. Dkt. #27. After reviewing the record, the Court finds that Defendant has not established good cause.

The parties and their counsel knew the magnitude of this matter, both in terms of the records and the damages involved, from the beginning. Dkt. #8. To this end, the parties coordinated and set a plan for discovery upon which the Court issued a scheduling order. Defendant offers no justification for its inability to protect itself within the framework of the

ORDER – 3

Federal Rules of Civil Procedure, this Court's Local Rules, and prior orders of this Court. The Court finds that Defendant, with reasonable diligence, could have protected itself from the current situation.

Further, Defendant does not establish that it will be prejudiced in the absence of a continuance. Rather, Defendant speculates only that it "does not *believe* its experts will have sufficient time to generate meaningful expert reports prior to the current expert disclosure deadline." Dkt. #23 at ¶ 15 (emphasis added). The Court notes that Defendant gives no indication as to the importance of the documents at issue and has not sought to compel the production of any documents. Similarly, Defendant indicates that it plans to conduct fact depositions and that "conducting these depositions prior to receiving and evaluating all of the relevant documents produced and to be produced is neither efficient nor economical." Dkt. #23 at ¶ 14. But Defendant does not show that this is necessarily the case. And, while efficiency and economy are certainly important to the Court, Defendant's ability to defend on the merits will not be prejudiced and any harms are self-inflicted. At this time, Defendant has not demonstrated good cause for a continuance.

### IV. CONCLUSION

Accordingly, and having reviewed the Motion and the briefing and the remainder of the record, the Court finds and ORDERS that Defendant Ace American Insurance Company's Motion to Continue Trial Date and Deadlines (Dkt. #22) is DENIED.

DATED this 8 day of October, 2019.

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE

ORDER – 4