UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| KING COUNTY,<br><br>    Plaintiff,<br><br>    v.<br><br>ACE AMERICAN INSURANCE COMPANY,<br><br>    Defendant. | CASE NO. C18-1886RSM<br><br>ORDER DENYING DEFENDANT ACE AMERICAN INSURANCE COMPANY'S MOTION FOR PROTECTIVE ORDER STAYING DEPOSITION OF ADRIENNE A. BENZONI |

## I. INTRODUCTION

This matter is before the Court on Defendant Ace American Insurance Company's Motion for Protective Order Staying Deposition of Adrienne A. Benzoni. Dkt. #24. The deposition of Ms. Benzoni is scheduled for October 10, 2019, within the Southern District of Florida.[1] Defendant seeks to continue the deposition sixty (60) days to "1) accommodate [Ms.] Benzoni's availability, 2) ensure [Ms.] Benzoni's complete preparation for deposition, as a significant number of documents relevant to her testimony have not yet been produced; and 3) obviate the need for a second deposition of [Ms.] Benzoni." Dkt. #24 at 1–2. Defendant's Motion was noted for the Court's consideration on October 11, 2019—the day after the

---

[1] Defendant indicates that it has contemporaneously sought to quash the subpoena in the Southern District of Florida. Dkt. #24 at 1 n.1.

ORDER – 1

deposition is to occur.[2] Plaintiff has not yet responded. However, the Court finds it appropriate to address the Motion to provide clarity to all involved. Having considered the matter, the Court denies the Motion.

## II. BACKGROUND

This matter is an insurance coverage dispute related to a failed conveyance pipe integrated into Plaintiff's wastewater storage facility. Dkt. #1. The pipe failed after construction and Plaintiff incurred over $20,000,000 of costs to investigate and remediate the damage. Plaintiff seeks coverage for the damage from Defendant and asserts various claims related to Defendant's handling and denial of the claim. Ms. Benzoni was Defendant's adjustor on the claim at issue but is no longer employed by Defendant. Dkt. #25 at ¶ 2.

Counsel for Defendant previously accepted service of a subpoena on behalf of Ms. Benzoni and after several changes, ultimately agreed to the deposition of Ms. Benzoni on October 10, 2019. Dkt. #24 at 2 n.2; Dkt. #28 at ¶ 46. On September 27, 2019, counsel for Defendant indicated that "because both parties are still retrieving, reviewing and producing documents, we are not prepared to produce [Ms.] Benzoni on the continued date." Dkt. #28 at 45. On that same day, Plaintiff served Ms. Benzoni directly with a deposition subpoena for October 10, 2019. Dkt. #25 at ¶ 3. Defendant has sought to quash that subpoena in the Southern District of Florida. Dkt. #24 at 1 n.1.

## III. DISCUSSION

Under the Federal Rules of Civil Procedure, "[t]he court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden

---

[2] *See* LCR 7(j) ("A motion for relief from a deadline should, whenever possible, be filed sufficiently in advance of the deadline to allow the court to rule on the motion prior to the deadline.").

ORDER – 2

or expense." Fed. R. Civ. P. 26(c)(1). "The party seeking a protective order has the burden to demonstrate good cause, and must make 'a particular and specific demonstration of fact as distinguished from stereotypical and conclusory statements' supporting the need for a protective order." *Auto-Owners Ins. Co. v. Southeast Floating Docks, Inc.*, 231 F.R.D. 426, 429–30 (M.D. Fla. 2005). (quoting *U.S. v. Garrett*, 571 F.2d 1323, 1326 n.3 (5th Cir. 1978)); *Rivera v. NIBCO, Inc.*, 364 F.3d 1057, 1063 (9th Cir. 2004) (requiring demonstration of harm or prejudice that would result from discovery).

Defendant fails to carry its burden here. Defendant first seeks a protective order on the basis that Ms. Benzoni is no longer available. But this assertion is based only on Ms. Benzoni's conclusory statement that she is "no longer available on October 10, 2019 to testify at deposition in this action." Dkt. #25 at ¶ 7. Neither Ms. Benzoni nor Defendant provides any factual basis for the nature of her unavailability or the date on which she became unavailable. The unsupported assertion does not support good cause.

Secondly, Defendant argues that a protective order is appropriate on the basis that it has recently discovered relevant documents and that Ms. Benzoni needs an opportunity to review these documents prior to her deposition. Dkt. #24 at 3. Ms. Benzoni indicates that she has limited memory and that she is "anxious and distressed" at the prospect of testifying prior to reviewing all relevant documents. Dkt. #25 at ¶¶ 4–6. Defendant fails to explain how, if at all, its own interests would be prejudiced by Mr. Benzoni's sworn testimony as to her present recollection. Further, the relevant documents—those that Ms. Benzoni reviewed or created while working for Defendant—presumably have been, and continue to be, in Defendant's possession. Defendant provides no explanation for its failure to timely provide Ms. Benzoni an opportunity to review the records it now asserts are critical.

Thirdly, Defendant argues that it "may be prejudiced by the need for a second deposition" if one become necessary. Even if this provided a basis for prejudice or good cause, it is entirely speculative. Defendant's unsupported and speculative arguments do not establish good cause.

## IV. CONCLUSION

Accordingly, and having reviewed the Motion and the briefing and the remainder of the record, the Court finds and ORDERS that Defendant has not shown good cause supporting a protective order and that Defendant Ace American Insurance Company's Motion for Protective Order Staying Deposition of Adrienne A. Benzoni (Dkt. #24) is DENIED.

DATED this 8 day of October 2019.

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE